## Commonwealth v. Ricker

*Gailey C. Keller,* district attorney, for the Commonwealth.
*William S. Kreisher,* for defendant.

MYERS, *J.,* March 10, 1982—Defendant was arrested for towing an unregistered utility trailer containing several logs.

Defendant was found guilty by a district justice, and defendant then filed an appeal to this court. Hearing de novo was held before us, and the matter is now ready for disposition.

Defendant concedes that the trailer was not registered nor did it possess illuminating lights for night travelling. Defendant nonetheless contends that it was exempt from registration by 75 Pa. C.S.A. §1302. We agree with defendant's contention.

At the hearing before this court, defendant testified that he was employed as a caretaker on a farm. The owner of the farm was also the owner of the trailer in question.

On November 20, 1981, the date of his arrest, defendant was transporting a load of logs from the

farm in question to a sawmill near Benton. The sawmill destination was located less than 25 miles from the farm.

Defendant delivered the load of logs to the sawmill, but left several log pieces in the trailer to add road weight for safety purposes. Defendant then began his return trip to the farm, but darkness set in, and defendant was in the process of returning to Benton to spend the night when he was arrested.

Under 75 Pa. C.S.A. §1302 vehicles are exempt from registration if they are

". . . used exclusively upon a farm or farms owned or operated by the owner of the vehicle or upon highways between . . . [a] farm and a place of business located within a radius of 25 miles from the farm for the purpose of buying or selling agricultural commodities or supplies or for the inspection, repair or servicing of the vehicle.

In the present case, it is apparent that the trailer is exempt from registration if the logs which it was carrying are deemed to be "agricultural commodities." Our research has revealed that forestry products are in fact commonly defined as the products of agriculture.

"The cultivation of trees in a nursery or tree farm is clearly embraced within the meaning of agriculture as described in dictionaries and technical sources." United States v. Norman G. Jensen, Inc., 550 F.2d 662 (C.C.P.A., 1977).

Agriculture is defined as, inter alia . . . .

"1. The cultivation of the soil for food products or any other useful or valuable growth . . . including any industry practiced by a cultivator of the soil,

[such] as forestry." Funk & Wagnalls New Standard Dictionary (1963).

In our view, the legislature did not intend to exclude forestry products from the exemption conferred by §1302, particularly when, as in the present case, the forestry items are incidental products of a farm devoted primarily to the growth and harvesting of food crops and the management of livestock. We will accordingly find defendant not guilty.

## ORDER OF COURT

And now, this March 10, 1982, we find defendant not guilty. Costs to be paid by the County of Columbia.